NJProb 12C/D
(6/23)

# United States Probation Office
## United States District Court
## for the District of New Jersey

### Petition for Summons or Warrant for Individual under Supervision

December 11, 2023

**Name of Individual Under Supervision:** Raheem Rogers  
**Reg. Number:** 73350-050

**Docket Number:** 20-00960-001  
**PACTS Number:** 6831523

**Name of Judicial Officer:** THE HONORABLE SUSAN D. WIGENTON  
UNITED STATES DISTRICT JUDGE

**Original Offense:** Count One: Conspiracy to Distribute and Possess with Intent to Distribute Heroin, 21 U.S.C. § 846 [21 U.S.C. §§ 841(a)(1) and (b)(1)(C)], a Class C Felony

**Original Sentence:** Imposed on 03/10/2021; 18 months imprisonment, 3 years supervised release

**Current Custodial Status:** At Liberty

**Special Conditions:** Drug Testing and Treatment, Mental Health Treatment, Life Skills/Education and Supporting Dependents

**Date Supervision Commenced:** 05/15/2021                **Date Supervision Expires:** 05/14/2024

**Assistant U.S. Attorney:** Tracey Anne Agnew, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Dennis S. Cleary, Federal Defenders Office, 1002 Broad Street, Newark, New Jersey 07102, (973) 645-6347

---

### PETITIONING THE COURT:

☐ To issue a warrant  
☒ To issue a summons  
☐ To amend a previously filed petition

### THE COURT ORDERS:

☐ The Issuance of a Warrant. *THIS DOCUMENT SHALL BE SEALED UNTIL ARREST OF THE INDIVIDUAL UNDER SUPERVISION.*

☒ The Issuance of a Summons (as recommended by Probation).  
Date and time of initial appearance: 1/10/2024 @ 11:00 a.m. in Courtroom 5C before Judge Susan D Wigenton.

☐ The petition dated _____ and filed with the Court on _____ is HEREBY AMENDED.  
☐ No Action.  
☐ Other.

_____  
Signature of Judicial Officer

Dec. 11, 2023  
Date

**COURT ACTION TO DATE:**

On April 5, 2022, the Court was notified via Probation form 12A (Report of Offender Under Supervision) that Mr. Rogers tested positive for marijuana. Mr. Rogers was verbally reprimanded for his drug use and the consequences for continued illicit drug use were discussed. Lastly, no formal Court action was recommended. The court signed the Probation Form 12A on April 13, 2022.

On February 7, 2023, the Court was notified via Probation form 12A (Report of Offender Under Supervision) that Mr. Rogers tested positive for marijuana. Mr. Rogers was verbally reprimanded for his drug use and the consequences for continued illicit drug use were discussed. Lastly, no formal Court action was recommended. The court signed the Probation Form 12A on February 10, 2023.

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The individual under supervision has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |
| | On September 18, 2023, Jersey City Police Department received a phone call from the victim, who reported after 11:30 a.m. her house was burglarized. She reported the following items were stolen: a white series S Xbox (valued at $450), a white PlayStation 5 (valued at $535), one gold chain with a mini mouse design and Ava engraved with a purple-colored back (valued at $175), one gold chain with the letter A (valued at $100) and one gold chain with a princess crown/heart shaped (valued at $200). Mr. Rogers was subsequently charged with 2C:18-2A (1) - Burglary-Entering Structure and 2C:20-3B - Theft by Unlawful Taking. |
| | A warrant was issued for Mr. Rogers and on November 28, 2023, Mr. Rogers self-surrendered. He was released on November 29, 2023. This matter remains pending in New Jersey Superior Court – Hudson County. The next scheduled court date is December 20, 2023. |
| | The Probation Office has determined this conduct constitutes a **Grade B violation.** |
| 2 | The individual under supervision has violated the special supervision condition which states **'You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and/or the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.'** |
| | On April 5, 2022, and February 7, 2023, Mr. Rogers provided urine samples that tested positive for marijuana |

The Probation Office has determined this conduct constitutes a **Grade C violation.**

**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

Mr. Rogers admitted he had been dating the victim but denied committing the offense.

Mr. Rogers admitted to using marijuana and explained he was using marijuana to cope with stress.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Raheem Rogers is facing a maximum statutory penalty of two years imprisonment.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

The individual under supervision is subject to a separate prosecution. The Supreme Court has ruled in *Setser v. U.S.*, 132 S. Ct. 1463, 1468-70 (2012) that a District Court may order its sentence to run either concurrently or consecutively to a not-yet-imposed state court sentence.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of II and a Grade A violation, the individual under supervision faces a guideline range of 15 to 21 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 6 to 12 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 4 to 10 months custody.

Upon a finding of a Grade A or B violation, pursuant to USSG § 7B1.3(a)(l), the court will revoke supervised release.

Upon a finding of a Grade C violation, pursuant to USSG § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Pursuant to USSG § 7B1.1, Application Note #1, and 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the individual under supervision not commit another federal, state or local crime. A violation of this condition may be charged whether or not the individual under supervision has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the individual under supervision is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the actual conduct of the individual under supervision.

Pursuant to USSG § 7B1.3(c)(1), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Pursuant to USSG § 7B1.3(e), where the Court revokes probation or supervised release and imposes a term of imprisonment, it will increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under Title 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.

Pursuant to USSG § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release will be ordered to be served consecutively to any sentence of imprisonment that the individual under supervision is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Pursuant to USSG § 7B1.5(b), upon revocation of supervised release, no credit will be given toward any term of imprisonment ordered for time served on post-release supervision.

NJProb 12C/D – page 5
Raheem Rogers

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

By: KLARISSA L. PERRY
U.S. Probation Officer

/ kp

APPROVED:

_____  12/11/23
PATRICK HATTERSLEY        Date
Supervising U.S. Probation Officer

# APPENDIX
## Statutory and guideline exposure

VIOLATION GRADE: A
CRIMINAL HISTORY CATEGORY: II

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | 2 years | 15 to 21 months |
| SUPERVISED RELEASE: | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: B
CRIMINAL HISTORY CATEGORY: II

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | 2 years | 6 to 12 months |
| SUPERVISED RELEASE: | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: C
CRIMINAL HISTORY CATEGORY: II

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | 2 years | 4 to 10 months |
| SUPERVISED RELEASE: | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |